UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GABRIEL LOPEZ,<br><br>        Defendant. | Case No. 4:23-cr-00312-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Gabriel Lopez's Motion to Reduce Sentence. Dkt. 89. Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On November 28, 2023, a federal grand jury indicted Lopez and a co-conspirator on two counts of possession with intent to distribute methamphetamine. Dkt. 2.

At sentencing, Lopez was held accountable for approximately 3,999.02 kggw (kilograms gross weight) of methamphetamine. Dkt. 56, at 7. That amount was

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

significantly more than his co-defendant was held accountable for because of the co-defendant's role in assisting law enforcement. Lopez's Total Offense Level was calculated at 29. *Id*. at 9. His Criminal History Calculation was calculated as a III based on six criminal history points. *Id*. at 14. Lopez did not receive any additional points for being on supervision in another case at the time he committed the instant offense. A Total Offense Level of 29 and a Criminal History Category of III yields a Guideline range of 108-135 months. The Court sentenced Lopez to 108 months, at the low end of the Guideline range. Dkt. 63.

Lopez now seeks a reduction in his sentence. Dkt. 89. Lopez argues the Court should reduce his sentence due to recent changes in the sentencing guidelines and because he was sentenced for longer than his co-defendant. *See generally id*.

### III. DISCUSSION

Once a sentence has been imposed, courts generally may not correct or modify that sentence. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Exceptions to this general principle have been carved out in Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582(c)(1). Even so, these exceptions are narrow. Pertinent here, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

MEMORANDUM DECISION AND ORDER - 2

18 U.S.C. § 3582(c)(2). Courts apply a two-step inquiry to determine whether a defendant is entitled to relief under this section. First, the Court must determine whether a retroactive amendment to the Sentencing Guidelines lowered the defendant's guidelines range and whether a reduction is consistent with the applicable guideline policy statements. *Dillon*, 560 U.S. at 826–27. Second, if both conditions are satisfied, the Court must weigh the § 3553(a) factors to determine if it will exercise its discretion to reduce the sentence. *Id*.

Lopez cannot satisfy either step required to warrant a reduction of his sentence under § 3582(c)(2). He seeks application of a reduced criminal history category under Amendment 821 claiming his criminal history points were "inflated." Dkt. 92, at 2. But this amendment had no effect on the Court's calculations or the sentence the Court imposed.

Part B of the 821 Amendment provides for a 2-level downward adjustment for defendants who qualify as "zero-point offenders" and a potential adjustment for defendants considered "status-point offenders."

Lopez is not a "zero-point offender" because his criminal history score is 6. Lopez is also not eligible for a downward adjustment as a status-point offender. Although Lopez was on supervision at the time he committed the instant offense, no additional criminal history points were added to his criminal history score because his criminal history score fell below seven. He is not, therefore, eligible for a further reduction.

The Court has reviewed Lopez's Presentence Investigation Report and finds his criminal history points and criminal history category were correctly calculated.

MEMORANDUM DECISION AND ORDER - 3

Finally, Lopez argues the disparity between his sentence and his co-defendant's sentence warrants a reduction because the Court sentenced his co-defendant to 54 months—roughly half of his sentence. While "disparity" is a factor to be considered under 18 U.S.C. § 3553(a), there are numerous reasons why Lopez and his co-defendant were not "similarly situated.". For example, the Court held Lopez accountable for more drugs than the co-defendant because Lopez was the source of supply who provide drugs to the co-defendant. Additionally, the co-defendant cooperated with law enforcement during the investigation. Therefore, the disparities in the two sentences were warranted by the circumstances and the Court need not reduce Lopez's sentence at this time.

## IV. ORDER

The Court **HEREBY ORDERS**:

1. Lopez's Motion to Reduce Sentence (Dkt. 89) is DENIED.

DATED: May 15, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4